Fuld, J.
The Waterfront Commission Act became law in 1953. Its section 8 was thereafter challenged as invalid on grounds that the subject matter had been pre-empted by Federal legislation and that it violated the due process clause of the Fourteenth Amendment. Both this court and the United States Supreme Court, rejecting those arguments, upheld the section as constitutional. (De Veau v. Braisted, 363 U. S. 144, affg. 5 N Y 2d 236.) Some short time later, the Waterfront Commission concluded, on the basis of facts adduced at hearings which it conducted, that the provisions of the statute designed to eliminate the evils infesting the waterfront were being circumvented. It recommended corrective legislation and in 1961 the Legislature amended section 8 in order to remedy the situation (Waterfront Commission Act, §§ 8, 8-a, as amd. by L. 1961, ch. 211).
The present action was brought by the International Longshoremen’s Association (I. L. A.) and four individuals, suing on behalf of themselves and others similarly situated, for a declaratory judgment that several of the amendments are unconstitutional. The courts below held them valid and we agree with that determination; indeed, we consider such a result virtually dictated by the decision in the Be Veau case.
As originally enacted in 1953, section 8 prohibited the collection of any dues for or on behalf of any labor organization representing waterfront workers registered or licensed by the commission if any of its officers or agents had been convicted of a felony. The amendments enacted in 1961 extended the prohibition to any labor organization “ which derives its charter from a labor organization ” representing 100 or more employees registered or licensed by the Waterfront Commission “ if any officer, agent or employee of such labor organization, or of a welfare fund or trust administered * * * by such labor organization * * *, has been convicted * * * of a felony, any misdemeanor involving moral turpitude ”, or of any of a *279 number of specifically enumerated crimes. (Italics represent new matter.)[1]
The claim of pre-emption — based on sections 1 and 7 of the National Labor Relations Act (guaranteeing the right of employees ‘ ‘ to bargain collectively through representatives of their own choosing”) and section 504, subdivision (a), of the Labor-Management Reporting and Disclosure Act of 1959 (disabling persons convicted of certain felonies from serving in positions of influence in labor unions) — is the same as that advanced when the statute in its original form was before the courts and what was then said in disposing of the contention is equally pertinent and decisive here.
We take up first the claim that the provision of the National Labor Relations Act pre-empts the 1961 amendments. Two of them were enacted to plug loopholes found to exist in the 1953 legislation. It appeared that the provision aimed at prohibiting convicted felons from holding influential positions in waterfront unions was being circumvented either by giving them jobs as “employees”, instead of continuing them as “officers” and “ agents ”, or by shifting them to non-waterfront locals chartered by the I. L. A. Quite obviously, if the statute as it originally stood was not pre-empted, these provisions designed to prevent an evasion of them were not. The third amendment simply expanded section 8 so as to render it applicable to persons convicted of “moral turpitude” misdemeanors in addition to “ felonies ”. Section 8 of the New Jersey Waterfront Commission Act contained this precise provision and Congress was not only aware of this when it gave its consent to the bi-State compact but it knew that its “ approval of the compact . * * *
would carry with it sanction of § 8 ” as passed by the New Jersey Legislature. (De Veau v. Braisted, 363 U. S. 144, 151, supra.) From all this, it seems clear that this claim of pre-emption is without basis. The course taken by Congress reflects no purpose *280 to pre-empt the State regulation contained in section 8 either in its original or amended form.
With respect to the claim of pre-emption based on enactment of the Labor-Management Reporting and Disclosure Act of 1959, we need but refer to the Supreme Court’s rejection of that argument in De Veau: “ When Congress meant pre-emption to flow from the 1959 Act it expressly so provided. * * * No such pre-emption provision was provided in connection with § 504(a). That alone is sufficient reason for not deciding that § 504(a) preempts § 8 of the Waterfront Commission Act. * * * And to make the matter conclusive, § 603(a) is an express disclaimer of pre-emption of state laws regulating the responsibilities of union officials ” (363 U. S., at pp. 156-157).
Nor is there merit to the objections urged by the plaintiffs on due process grounds. Barring convicted “ felons ” from serving as officers or agents of waterfront unions was recognized in the De Veau case as “ a reasonable means for achieving a legitimate state aim, namely, eliminating corruption on the waterfront ’ ’ (363 TJ. S., at p. 157). Since the amendatory legislation here challenged — including that which extended the section’s application to any person (whether union officer, agent or employee) convicted of a “ misdemeanor involving moral turpitude ”[2] — did no more than effect such changes as were deemed necessary to achieve the original objectives of the statute, there is no warrant for the charge that the statute in its modified form offends against due process.
The judgment appealed from should be affirmed, with costs.

. The plaintiffs challenge all of the 1961 amendments except that which makes the statute applicable to union welfare funds and trusts. Although the defendants have questioned the plaintiffs’ standing, we are satisfied that the I. L. A., at least, has a sufficient interest to prosecute the action. Two of the amendments under attack limit, in effect, those whom that organization may properly hire, while the third makes it more difficult for the I. L. A. to retain its association with its non-waterfront locals and tends to inhibit or discourage other non-waterfront locals from affiliating with it.

. It should be noted that the plaintiffs have not in this court argued that the quoted phrase is void for vagueness or lacks sufficiently definite standards. (Cf. Jordan v. De George, 341 U. S. 223, 229-230, where the Supreme Court observed that, although a similar phrase had been in the immigration laws for upwards of a half century and had also been used for many years “as a criterion” in other statutes, “No case has been decided holding that the phrase is vague, nor are we able to find any trace of judicial expression which hints that the phrase is so meaningless as to be a deprivation of due process.”)